ETHRIDGE, Chief Justice:
This suit originated in the Circuit Court of Lowndes County. It was brought by L. G. White, appellant-plaintiff, against Johnny Ralph Harmon, appellee-defendant, for damages to plaintiff’s automobile and expenses for its loss of use. The trial resulted in a jury verdict and judgment for defendant.
The collision between the the two automobiles occurred as Robert White, plaintiff’s son, was proceeding east on Third Avenue in Columbus and the defendant was going north on Ninth Street. The accident occurred in the intersection of the two streets. Third Avenue is a through street. There is a stop sign on Ninth Street for northbound traffic entering the intersection with Third Avenue. There was a conflict in the evidence as to whether defendant stopped on Ninth Street, before entering Third Avenue. He said he did, and plaintiff’s witnesses asserted that he did not.
However, the great weight of the evidence reflects that defendant was negligent in failing to maintain a lookout and to yield the right-of-way; that plaintiff’s vehicle going east was so near the intersection as to constitute an immediate hazard; and that defendant’s car struck the right front side of plaintiff’s car east of the center of the intersection. Johnson was in another car going west on Third Avenue and was near the intersection when Harmon’s vehicle entered it. Yet Harmon said that, although he looked in both directions before proceeding into the intersection, he did not see either the White or the Johnson vehicles approaching on Third Avenue from opposite directions. On the other hand, some of the evidence, including photographs, indicates that perhaps one on Ninth Street who stopped at the intersection before proceeding into Third Avenue would have difficulty seeing in both directions because of obstructions by trees and bushes. In short, although plaintiff was not entitled to a peremptory instruction, the verdict of the jury is against the overwhelming weight of the evidence. The case is reversed and the cause is remanded for a new trial.
Reversed and remanded.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.